# EXHIBIT A

IN THE MAGISTRATE COURT OF DEKALB COUNTY
STATE OF GEORGIA

FREDERICK LUSTER,
c/o Skaar & Feagle, LLP
2374 Main Street, Suite B, Tucker, GA 30084,
        Plaintiff,

v.

NAVIENT SOLUTIONS, INC., f/k/a Sallie
Mae, GENERAL REVENUE CORP-
ORATION, STUDENT ASSISTANCE
CORPORATION,
        Defendants.

CIVIL ACTION FILE

NO. ___16M64104___

STATEMENT OF CLAIM

# 54
# 2063

2016 MAY 31 PM 12: 23

IN SHERIFF'S HANDS
NEW CASTLE COUNTY

1.   This court has jurisdiction over the Defendant. Defendant directed telephone calls to Plaintiff's cellular telephone number in this County which give rise to Plaintiff's claims.

2.   Plaintiff claims the Defendant is indebted to Plaintiff as follows:
     Violations of TCPA, 47 U.S.C. § 227; See Attached Complaint.

3.   That said claim is in the amount of $1,500.00 for each such violation, plus a reasonable attorneys fees pursuant to O.C.G.A. § 13-6-11, plus _____ costs to date, and all future costs of this suit.

STATE OF GEORGIA
COUNTY OF DEKALB

        James M. Feagle, Attorney for Plaintiff, being first duly sworn on oath, says the foregoing is a just and true statement of the amount owing by defendant to plaintiff, exclusive of all setoffs and just grounds of defense.

                                        James _____, Esq.
                                        Attorney for Plaintiff | Georgia Bar No: 649610

Sworn and subscribed before me this 4 day May, 2016.

_____
Notary public or attesting official

CLIFF DORSEN
NOTARY
EXPIRES
GEORGIA
FEB. 26, 2019
PUBLIC
GWINNETT COUNTY

2016 MAY 31 PM 12: 59
MAGISTRATE COURT OF
DEKALB COUNTY, GA
FILED BY: KBD

NOTICE AND SUMMONS

TO: STUDENT ASSISTANCE CORPORATION
c/o: its reg. agent, to wit: Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington, DE 19808

You are hereby notified that the above named Plaintiff(s) has/have made a claim and is requesting judgment against you in the sum shown by the foregoing statement. The court will hold a hearing upon this claim at the DeKalb County Courthouse, Room 270, 556 N. McDonough Street, Decatur, GA 30030, at a time to be set after your answer is filed.

YOU ARE REQUIRED TO FILE OR PRESENT AN ANSWER TO THIS CLAIM WITHIN 30 DAYS AFTER SERVICE OF THIS CLAIM UPON YOU. IF YOU DO NOT ANSWER, JUDGMENT BY DEFAULT WILL BE ENTERED AGAINST YOU. YOUR ANSWER MAY BE FILED IN WRITING OR MAY BE GIVEN ORALLY TO THE JUDGE.

If you have witnesses, books, receipts, or other writings bearing on this claim, you should bring them with you at the time of hearing. If you wish to have witnesses summoned, see the court at once for assistance. If you have any claim against the plaintiff, you should notify the court at once. If you admit the claim, but desire additional time to pay, you must come to the hearing in person and state the circumstances to the court. You may come with or without an attorney.

This 23 day of May, 2016.

                                        _____
                                        Magistrate or Deputy Clerk of Court

IN THE MAGISTRATE COURT OF DEKALB COUNTY
STATE OF GEORGIA

FREDERICK LUSTER,                      :
                                       :
    Plaintiff,                         :
                                       :
                                       :      CIVIL ACTION FILE
v.                                     :
                                       :      NO. 16 M6410 4
NAVIENT SOLUTIONS, INC., f/k/a Sallie  :
Mae, GENERAL REVENUE CORP-             :
ORATION, STUDENT ASSISTANCE            :
CORPORATION,                           :
                                       :
    Defendants.                        :

## COMPLAINT FOR DAMAGES

### INTRODUCTION

1.    This is an action for damages against the defendants for violations of the

    Telephone Consumer Protection Act [TCPA], 47 U.S.C. § 227, and the

    regulations issued thereunder, 47 C.F.R. § 64.1200.


### PARTIES, JURISDICTION AND VENUE

2.    Plaintiff is a natural person who resides in DeKalb County and is authorized

    by law to bring this action.

3.    Plaintiff is a subscriber for his cellular telephone services for telephone

number (404) 379-1970.

4.  Defendant NAVIENT SOLUTIONS, INC. f/k/a Sallie Mae is a Delaware corporation and has its principal place of business located at 2001 Edmund Halley Drive, Reston, VA 20191 [hereinafter referred to as "NAVIENT"].

5.  The principle purpose of NAVIENT's business is the collection of debts, particularly debts related to student loans used for attending colleges and universities.

6.  In the course of its business, NAVIENT initiated telephone calls to Plaintiff's cellular telephone in DeKalb County Georgia.

7.  The telephone calls made by NAVIENT to Plaintiff's cellular telephone in DeKalb County Georgia give rise to Plaintiff's causes of action.

8.  NAVIENT may be served by personal service on its registered agent in Georgia, to wit: Corporation Service Company, 40 Technology Pkwy South, #300, Gwinnett County, Norcross, GA 30092.

9.  Alternatively, NAVIENT may be served by personal service upon an officer or authorized agent at its principal place of business in Reston, Virginia.

10. Defendant GENERAL REVENUE CORPORATION is an Ohio corporation and has its principal place of business located at 4660 Duke Drive, Mason,

2

Ohio 45040 [hereinafter referred to as "GRC"].

11.    The principle purpose of GRC's business is the collection of debts,

particularly debts related to student loans used for attending colleges and

universities.

12.    GRC primarily, if not exclusively, collects on debts serviced by NAVIENT.

13.    In the course of its business, GRC initiated telephone calls to Plaintiff's

cellular telephone within the DeKalb County.

14.    The telephone calls made by GRC to Plaintiff's cellular telephone in DeKalb

County, Georgia give rise to Plaintiff's causes of action.

15.    GRC may be served by personal service on its registered agent in Georgia,

to wit: Corporation Service Company, 40 Technology Pkwy South, #300,

Gwinnett County, Norcross, GA 30092.

16.    Alternatively, GRC may be served by personal service upon an officer or

authorized agent at its principal place of business in Mason Ohio.

17.    Defendant STUDENT ASSISTANCE CORPORATION is a Delaware

corporation [hereinafter referred to as "SAC"].

18.    The principle purpose of SAC's business is the servicing of student loans,

particularly student loans used for attending colleges and universities.

3

19.   SAC primarily, if not exclusively, services debts for NAVIENT.

20.   In the course of its business, SAC initiated telephone calls to Plaintiff's

cellular telephone within the DeKalb County.

21.   The telephone calls made by SAC to Plaintiff's cellular telephone in DeKalb

County  Georgia give rise to Plaintiff's causes of action.

22.   SAC may be served by personal service on its registered agent in Delaware,

to wit:  Corporation Service Company, 2711 Centerville Road, Suite 400,

Wilmington, DE 19808.  (New Castle County)

23.   Alternatively, GRC may be served by personal service upon an officer or

authorized agent at its principal place of business.

24.   GRC, SAC and NAVIENT are all related by ownership.

25.   Other defendants may be discovered in the course of litigation, and Plaintiff

respectfully prays that the Court will permit the addition of later discovered

parties upon motion.


**FACTUAL ALLEGATIONS**

26.   Plaintiff is the subscriber of cellular telephone services for telephone number

404-379-1970.

4

27.  Plaintiff has been the sole and regular user of cellular telephone service for
     telephone number (404) 379-1970 for in excess of ten years.

28.  Telephone number (404) 379-1970 is assigned to Plaintiff's cellular
     telephone service through T-Mobile.

29.  NAVIENT has initiated calls to Plaintiff's cellular telephone number (404)
     379-1970.

30.  Numerous calls to Plaintiff's cellular telephone number were initiated by
     NAVIENT within the four years preceding the filing of this Complaint.

31.  Navient has registered for ADAD ["automatic dialing and announcing
     device"] permits during the period plaintiff received calls.

32.  NAVIENT maintains contact center software which connects to its
     telephony hardware.

33.  NAVIENT's contact center software has the capacity to make telephone calls
     without a human personally dialing each telephone number at the time of the
     call.

34.  The calls to Plaintiff's cellular telephone number were initiated using
     NAVIENT's contact center software.

35.  NAVIENT's contact center software has the capacity to store a database of

telephone numbers.

36. NAVIENT's contact center software has the capacity to dial from a database of stored telephone numbers without human intervention.

37. NAVIENT's contact center software has the capacity to dial telephone numbers from a stored list, either at random or in some sequence.

38. All of the calls initiated by NAVIENT to Plaintiff's cellular telephone were initiated using software which has the capacity to predictively dial.

39. NAVIENT programs telephone numbers into its contact center software which then dials those numbers at a rate to ensure that a customer representative will be available when a consumer answers the telephone.

40. The telephone calls to Plaintiff's cellular telephone number were initiated by NAVIENT using an automatic telephone dialing system.

41. Upon information and belief, NAVIENT employs the "Noble PDS" by Noble Systems Corp. to predictively dial telephone numbers.

42. "The Noble PDS (predictive dialing solution) automates, organizes, and manages your outbound dialing campaigns and resources." *Noble Solutions, Products, Outbound (Dialer Overview) (accessed Nov. 11, 2015 at* www.noblesys.com/products/outbound.aspx).\

43. GRC has initiated multiple calls to Plaintiff's cellular telephone number (404) 379-1970.

44. The calls to Plaintiff's cellular telephone number were initiated by GRC within the four years preceding the filing of this Complaint.

45. GRC has registered for ADAD ["automatic dialing and announcing device"] permits during the period plaintiff received calls.

46. GRC maintains contact center software which connects to its telephony hardware.

47. GRC's contact center software has the capacity to make telephone calls without a human personally dialing each telephone number at the time of the call.

48. The calls to Plaintiff's cellular telephone number were initiated using GRC's contact center software.

49. GRC's contact center software has the capacity to store a database of telephone numbers.

50. GRC's contact center software has the capacity to dial from a database of stored telephone numbers without human intervention.

51. GRC's contact center software has the capacity to dial telephone numbers

7

from a stored list, either at random or in some sequence.

52. All of the calls initiated by GRC to Plaintiff's cellular telephone were initiated using software which has the capacity to predictively dial.

53. During some of the calls made by GRC, a blank or "dead air" message was left which is indicative of a predictively dialed call.

54. GRC programs telephone numbers into its contact center software which then dials those numbers at a rate to ensure that a customer representative will be available when a consumer answers the telephone.

55. The telephone calls to Plaintiff's cellular telephone number were initiated by GRC using an automatic telephone dialing system.

56. SAC has initiated multiple calls to Plaintiff's cellular telephone number (404) 379-1970.

57. The calls to Plaintiff's cellular telephone number were initiated by SAC within the four years preceding the filing of this Complaint.

58. SAC has registered for ADAD ["automatic dialing and announcing device"] permits during the period plaintiff received calls.

59. SAC maintains contact center software which connects to its telephony hardware.

8

60. SAC's contact center software has the capacity to make telephone calls without a human personally dialing each telephone number at the time of the call.

61. The calls to Plaintiff's cellular telephone number were initiated using GRC's contact center software.

62. SAC's contact center software has the capacity to store a database of telephone numbers.

63. SAC's contact center software has the capacity to dial from a database of stored telephone numbers without human intervention.

64. SAC's contact center software has the capacity to dial telephone numbers from a stored list, either at random or in some sequence.

65. All of the calls initiated by SAC to Plaintiff's cellular telephone were initiated using software which has the capacity to predictively dial.

66. During some of the calls made by SAC, a blank or "dead air" message was left which is indicative of a predictively dialed call.

67. SAC programs telephone numbers into its contact center software which then dials those numbers at a rate to ensure that a customer representative will be available when a consumer answers the telephone.

9

68. The telephone calls to Plaintiff's cellular telephone number were initiated by SAC using an automatic telephone dialing system.

69. Pursuant to its regulatory authority under 47 U.S.C. § 227(b)(2), The Federal Communications Commission has found the definition of "automatic telephone dialing system" to include "predictive dialers." *See* 2008 FCC Declaratory Ruling, ¶ 12.

70. All calls the calls placed to Plaintiff were placed for a debtor identified in the messages as "Manuel Cabello" with reference number "32358573".

71. Plaintiff has no active student loans with NAVIENT.

72. Plaintiff does not have a business or other relationship with NAVIENT.

73. NAVIENT did not have Plaintiff's consent to initiate telephone calls to Plaintiff's cellular telephone number.

74. Plaintiff did not have a business or other relationship with GRC.

75. GRC did not have Plaintiff's consent to initiate telephone calls to Plaintiff's cellular telephone number.

76. Plaintiff did not have a business or other relationship with SAC.

77. SAC did not have Plaintiff's consent to initiate telephone calls to Plaintiff's cellular telephone number.

10

78.   Plaintiff's voice mail greeting at the time of the calls clearly identified in English that the cellular telephone number was subscribed to by "Freddy Luster" and not by any debtor from which NAVIENT, SAC or GRC was attempting to collect a debt.

79.   A live representative calling Plaintiff's cellular telephone number for verification purposes would have heard Plaintiff's cellular telephone voice mail greeting and realized that they were calling the wrong party.

80.   After hearing Plaintiff's voice mail greeting, a live representative would have known, or should have known, that Plaintiff's cellular telephone number was not the debtor or intended recipient NAVIENT, SAC or GRC sought to reach at that number.

81.   NAVIENT knew, or should have known, about the TCPA, including NAVIENT's compliance obligations as a debt collector thereunder, before initiating calls to Plaintiff's cellular telephone number.

82.   NAVIENT has been named as a defendant in numerous lawsuits in the past for violations of the TCPA.

83.   In order to ensure compliance with its TCPA obligations, NAVIENT should have conducted a simple cellular telephone number scrub using a recognized

database, such as Neustar, to determine that (404) 379-1970 was a cellular

telephone number.

84. The failure to properly scrub to determine whether (404) 379-1970 was a

cellular telephone number was in reckless disregard to NAVIENT's

obligations under the TCPA.

85. GRC knew, or should have known, about the TCPA, including GRC's

compliance obligations as a debt collector thereunder, before initiating calls

to Plaintiff's cellular telephone number.

86. GRC has been named as a defendant in numerous lawsuits in the past for

violations of the TCPA.

87. In order to ensure compliance with its TCPA obligations, GRC should have

conducted a simple cellular telephone number scrub using a recognized

database, such as Neustar, to determine that (404) 379-1970 was a cellular

telephone number.

88. The failure to properly scrub to determine whether (404) 379-1970 was a

cellular telephone number was in reckless disregard to GRC's obligations

under the TCPA.

89. SAC knew, or should have known, about the TCPA, including SAC's

12

compliance obligations as a debt collector thereunder, before initiating calls to Plaintiff's cellular telephone number.

90.   SAC has been named as a defendant in numerous lawsuits in the past for violations of the TCPA.

91.   In order to ensure compliance with its TCPA obligations, SAC should have conducted a simple cellular telephone number scrub using a recognized database, such as Neustar, to determine that (404) 379-1970 was a cellular telephone number.

92.   The failure to properly scrub to determine whether (404) 379-1970 was a cellular telephone number was in reckless disregard to SAC's obligations under the TCPA.

93.   The telephone calls to Plaintiff's cellular telephone number were inconvenient, annoying, a nuisance, invaded Plaintiff's privacy interests, and temporarily occupied use of Plaintiff's cellular telephone line.

94.   The telephone calls to Plaintiff's cellular telephone number were initiated intentionally.

95.   The telephone calls to Plaintiff's cellular telephone number were initiated willfully and knowingly.

13

96.   The telephone calls to Plaintiff's cellular telephone number were not initiated by accident or mistake.

97.   Defendant's telephone calls violate the Telephone Consumer Protection Act.

98.   Plaintiff has complied with all conditions precedent to bring this action.

99.   Navient has been sued for TCPA violations several times, and has paid more than $30,000,000.00 over the past few years to settle class actions alleging identical violations to those alleged here. Navient's track record of paying huge monetary settlements to obtain releases from consumers, while continuing to make calls that violate the TCPA demonstrates that money damages are insufficient, on their own, to wrench compliance. Injunctive relief is therefore appropriate and necessary.

## CAUSES OF ACTION

## COUNT I: TELEPHONE CONSUMER PROTECTION ACT VIOLATIONS

### (Automatic Telephone Dialing System)

100.   The acts of Defendants GRC, SAC and NAVIENT constitute violations of the Telephone Consumer Protection Act and the regulations issued there under.

101.   Defendants GRC, SAC and NAVIENT each made and/or initiated

14

telephone calls using an automatic telephone dialing system to a telephone number assigned to a cellular telephone service, in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 CFR § 64.1200(a)(1)(iii).

102. As a result of Defendants' actions, Plaintiff is entitled to an award of damages of $500.00 for each such violation.

103. Each of GRC's, SAC's and NAVIENT's violations were willful.

104. Each of GRC's, SAC's and NAVIENT's violations were knowing.

105. Plaintiff requests this Court treble damages to $1,500.00 for each such willful or knowing violation, not to exceed the jurisdictional maximum of the Court in which such judgment is entered.

## COUNT II: BAD FAITH ATTORNEYS' FEES

106. Defendants willfully, knowingly, and intentionally violated the TCPA in making autodialed telephone calls to Plaintiff's cellular telephone number without his consent.

107. "Every intentional tort invokes a species of bad faith that entitles a person wronged to recover the expenses of litigation including attorney fees." *Tyler v. Lincoln*, 272 Ga. 118, 527 S.E.2d 180 (2000).

15

108. "there is no requirement that a viable state law claim exist in order for the jury to award litigation expenses pursuant to OCGA § 13-6-11. Rather, 'OCGA § 13-6-11 constitutes a vehicle for the collection of attorney fees' even when only a federal law claim for damages is submitted to the finder of fact." *Fulton County v. Legacy Inv. Group, LLC*, 296 Ga.App. 822, 827 (2009).

109. Defendants have acted in bad faith, been stubbornly litigious and/or caused the Plaintiff unnecessary trouble and expense, and Plaintiff is entitled to an award of the expenses of litigation, including a reasonable attorney's fee, pursuant to O.C.G.A. § 13-6-11.

## DOCUMENT PRESERVATION DEMAND

110. Plaintiff hereby demands that Defendants take affirmative steps to preserve all recordings, data, emails, recordings, phone records, dialer records, documents and all other tangible things that relate to the allegations herein, Plaintiff, or the making of telephone calls, the events described herein, any third party associated with any telephone call, campaign, telemarketing, account, sale or file associated with Plaintiff, and any account number or

16

number or symbol relating to any of the above. These materials are very likely relevant to the litigation of this claim. If Defendants are aware of any third party who has possession, custody or control of any such materials, Plaintiff demands that Defendants request that such third party also take steps to preserve the materials. This demand shall not narrow the scope of any independent document preservation duties of the Defendants.


## PRAYERS FOR RELIEF

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of himself, as follows:

A.  That Plaintiff be awarded damages in the liquidated amounts provided by statute;

B.  That Plaintiff be awarded treble damages;

C.  That Plaintiff be awarded the expenses of litigation, including a reasonable attorneys' fee.

D.  That Plaintiff be awarded such additional relief as deemed just and proper.

Respectfully submitted,

17

SKAAR & FEAGLE, LLP

By: _____
Cliff R. Dorsen
Georgia Bar No. 149254
cdorsen@skaarandfeagle.com
James M. Feagle
Georgia Bar No. 256916
jfeagle@skaarandfeagle.com
2374 Main Street, Suite B
Tucker, GA 30084
Tel:  (404) 373-1970
Fax:  (404) 601-1855

Justin T. Holcombe
Georgia Bar No. 552100
jholcombe@skaarandfeagle.com
Kris Skaar
Georgia Bar No. 649610
kskaar@skaarandfeagle.com
133 Miramont Lake Drive
Woodstock, GA 30189
Tel:  (770) 427-5600
Fax:  (404) 601-1855

/s/ Alex H. Burke
Alex H. Burke,
*pro hac vice forthcoming
BURKE LAW OFFICES, LLC
155 N. Michigan Ave., Suite 9020
Chicago, IL 60601
Telephone: (312) 729-5288
Facsimile:  (312) 729-5289
Aburke@BurkeLawLLC.com
ATTORNEYS FOR PLAINTIFF

17

IN THE MAGISTRATE COURT OF DEKALB COUNTY
STATE OF GEORGIA

FREDERICK LUSTER,                          :

      Plaintiff,                           :

                                :    CIVIL ACTION FILE

v.                                         :

                                :    NO. 16M64104

NAVIENT SOLUTIONS, INC., f/k/a Sallie      :
Mae, GENERAL REVENUE CORP-                  :
ORATION, STUDENT ASSISTANCE                 :
CORPORATION,                                :
                                :

      Defendants.                          :

—————————————————————            :

## NOTICE TO PRODUCE

COMES NOW PLAINTIFF, pursuant to O.C.G.A. § 24-13-27, and hereby

demands that each Defendant produce the following:

1.    The manual for the dialing system(s) or contact center software used

      when initiating telephone calls to telephone number (404) 379-1970.

2.    Dialer reports, collection notes and call logs reflecting all calls made

      by Defendant to telephone number (404) 379-1970.

Plaintiff hereby demands the above requested documents be produced by

the Defendant to Plaintiff's counsel at the time and place of any hearing scheduled

in this action.

Respectfully submitted,

**SKAAR & FEAGLE, LLP**

by:

James M. Feagle
Georgia Bar No. 256916
jfeagle@skaarandfeagle.com
2374 Main Street, Suite B
Tucker, GA 30084
404 / 373-1970
404 / 601-1855 fax

Justin T. Holcombe
Georgia Bar No. 552100
Kris Skaar
Georgia Bar No. 649610
133 Miramont Lake Drive
Woodstock, GA 30189
770 / 427-5600
404 / 601-1855 fax